IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GUILLERMO DE JESUS HERNANDEZ MURALLES,<br><br>                   Petitioner,<br><br>   v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; PAMELA JO BONDI, in her official capacity as Attorney General of the United States; DAVID EASTERWOOD, in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement; KEVIN DARLING, in his official capacity as Sheriff of Red Willow County; and WARDEN, of the McCook County Detention Facility, McCook Nebraska;<br><br>                   Respondents. | 4:26CV3079<br><br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the Court on petitioner Guillermo de Jesus Hernandez Muralles's ("Hernandez Muralles") Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241. Hernandez Muralles is a citizen and national of Guatemala. He entered the United States on October 1, 2023, at the port of entry in Nogales, Arizona. United States Customs and Border Protection paroled him into the United States under section 212(d)(5)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A).[1] The Department of Homeland Security ("DHS") also issued Hernandez

---

[1] Section 1182(d)(5)(A) provides that the "Secretary of DHS may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe . . . any alien applying for admission to the United States, but such parole of such

Muralles a "Notice to Appear" ("NTA").  That NTA states Hernandez Muralles is an "arriving alien" and charges him as removable under Section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I).  The NTA ordered Hernandez Muralles to appear before an immigration judge ("IJ") on February 13, 2024, in Fort Snelling, Minnesota (Filing No. 1-2).

On June 24, 2024, Hernandez Muralles applied for asylum and subsequently received work authorization. About eighteen months later on December 12, 2025, Immigration and Customs Enforcement ("ICE") officers detained him while he was parking his vehicle at a restaurant in St. Paul, Minnesota.  The officers told Hernandez Muralles they had an "order" to arrest him for failing to appear in court.  Hernandez Muralles asserts he has complied with all his scheduled hearings and immigration appointments and was never shown a warrant.

Hernandez Muralles was then transferred to the McCook Detention Facility in McCook County, Nebraska where he remains in custody.  On March 2, 2026, an immigration judge ordered him removed from the United States.[2]  Hernandez Muralles does not say whether he plans to appeal that order, only that he retains the right to appeal.

In his petition, Hernandez Muralles names as respondents Kristi Noem, Secretary of the DHS; Todd Lyons, Acting Director of the United States Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; David Easterwood, Acting Director of the St. Paul Field Office for ICE; Kevin Darling, Sheriff of Red Willow

---

alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

[2]Although Hernandez Muralles recounts the underlying details of his asylum application, he does not disclose the immigration judge's factual or legal basis for denying that claim.

County, Nebraska; and the Warden of the McCook County Detention Facility in McCook Nebraska (the "warden" and collectively, "respondents"). He argues his detention is unlawful because it violates (1) his substantive due process rights under the Fifth Amendment to the United States Constitution; (2) section 235(b)(2)(A) of the INA, 8 U.S.C. 1225(b)(2)(A); (3) the Administrative Procedures Act ("APA"); (4) his procedural due process rights under the Fifth Amendment; and (5) his Fourth Amendment right to be free from unreasonable seizures.

Section 2243 requires the Court to "forthwith award the writ" or order "the respondent show cause why the writ should not be granted unless it appears from the application that [Hernandez Muralles] is not entitled" to relief. 28 U.S.C. § 2243. The statute further requires that the show-cause order (1) "be directed to the person having custody of the person detained" and (2) "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See id.*

Upon initial review, the Court cannot say on this record that Hernandez Muralles "is not entitled" to relief. *See* 28 U.S.C. § 2243. Accordingly, the Court will order the warden to show cause why Hernandez Muralles's petition should not be granted. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement[,] . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

Given the nature of Hernandez Muralles' claim and complexity of the issues presented, the Court finds good cause for giving him more than the usual three days to respond. That complexity warrants giving notice to the United States Attorney for the District of Nebraska so she can protect the federal respondents' interests in this matter.

Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorneys Christopher L. Ferretti and Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.

2. Petitioner Guillermo de Jesus Hernandez Muralles shall serve his petition for writ of habeas corpus (Filing No. 1), and a copy of this Memorandum and Order on the warden of the McCook Detention Facility and file proof of such service with the Court.

3. The warden shall show cause within ten days after being served why the petition should not be granted.

4. Hernandez Muralles shall then have ten days from the date of the response to file a reply.

5. When the matter is fully briefed, the Court will determine whether to hold a hearing.

Dated this 13th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge